UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Lisa Bodie, Benjamin Folks, Scott Pollicino,
and Jermaine Parker

 -vs-

Washington Recovery Services (aka WRS &           **Case No.: 1:14-CV-00295**
Associates), John Doe Owner & Jane Doe
Owner, and John and Jane Does 1-10

      Defendants.

_____

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO
CONVERT SETTLEMENT AGREEMENT TO JUDGEMENT.**

    WASHINGTON RECOVERY SERVICES, LLC, by and through its attorney, Frank M. Bogulski, hereby responds to plaintiff's motion to convert settlement agreement to judgement, as follows.

1. The plaintiff has brought a motion seeking to convert a purported settlement agreement into a judgment.

2. The defendant objects on the grounds that there was never a settlement agreement in the first place between the parties.

3. Attached to the plaintiffs' motion is a proposed settlement and release that was signed by the plaintiffs; however, it was never signed by any representative or agent of Washington Recovery Services, LLC. Additionally, I also did not sign the agreement because I did not have the authority to execute it on behalf of the defendants.

4. Although it is true there were negotiations regarding settlement possibilities, the defendant never agreed to settle the case. After discussing the possibility of a settlement, the defendant reviewed the proposal and decided against resolving the case.

5. The fact that there isn't a signature on the proposed release is proof that there was never a meeting of the minds between the parties.

6. The Statute of Frauds and basic contract law dictate that in order for there to be an agreement between the parties, that it must be executed by the party it is construed against. In the case at bar, counsel for the plaintiffs, David Force, executed a proposed settlement agreement on or about August 1, 2014. This agreement was never signed by me or any representative of Washington Recovery Services, LLC.

## **Mistake in Fact**

7. There are several mistakes in the plaintiff's papers. First, Daniel Gillick is a former client. I represented Dr. Gillick in a criminal matter in the Western District of New York; however Daniel Gillick does not have anything to do with Washington Recovery Services, LLC. Specifically, Daniel Gillick was a physician that practiced in Niagara County, and I represented him on unrelated matters. There appears to be some confusion on the part of the plaintiff regarding Daniel Gillick but I can assure the plaintiffs that Dr. Daniel Gillick has nothing to do with Washington Recovery Services, LLC.

In conclusion, because the defendant, nor any of its agents or representatives, have signed the proposed release, the defendant opposes any conversion of the settlement proposal on the grounds that there was never any negotiated or executed agreement between the parties, and therefore, the plaintiffs' motion should be denied in its entirety.

TO: David P. Force, Esq.

/s/ FRANK M. BOGULSKI
FRANK M. BOGULSKI
Attorney for Defendant
WASHINGTON
RECOVERY SERVICES
88 W. Utica Street
Buffalo, New York 14209
(716) 885-1276

Case 1:14-cv-00295-JTC   Document 20   Filed 05/29/15   Page 3 of 3