UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LISA BODIE, BENJAMIN FOLKS,
SCOTT POLLICINO, and JERMAINE PARKER,

                        Plaintiffs,

            -vs-                                                14-CV-295-JTC

WASHINGTON RECOVERY SERVICES
(aka WRS & ASSOCIATES),
JOHN DOE OWNER & JANE DOE OWNER,
and JOHN & JANE DOES 1-10,

                        Defendants.
_____

        The complaint in this action was filed on April 22, 2014, seeking money damages

based on allegations that individuals identifying themselves as representatives of

Washington Recovery Services (or "WRS") contacted each of the plaintiffs by telephone

and left multiple voice mail messages using false, deceptive and misleading means in

connection with the collection of a debt, in violation of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  *See* Item 1.  An answer was filed on May 23,

2014, by Frank M. Bogulski, Esq., identifying himself as "Attorney for Defendant Daniel

Gillick."  Item 5, p. 3.

        On June 26, 2014, prior to the initial pretrial conference scheduled by the court in

accordance with the Federal and Local Rules of Civil Procedure (*see* Item 6), plaintiffs filed

a "Notice of Settlement" advising the court that the parties had settled the case, and

requesting adjournment of further proceedings in anticipation of full compliance with the

terms of the settlement agreement and subsequent filing of a notice of voluntary dismissal.

*See* Item 7.  Thereafter, on July 10, 2014, plaintiff's counsel David P. Force, Esq., sent a letter to the court advising that he had been unable to contact defense counsel, and requesting a telephone conference with the court to facilitate finalization of the settlement. Item 7.  Accordingly, on July 30, 2014, the court conducted a telephone conference during which counsel represented that they were continuing efforts to settle this matter, and would advise the court if unsuccessful.  *See* Item 10 (Minute Entry).

The court's docket reflects the following subsequent developments:

• On August 21, 2014, plaintiffs' counsel sent a letter to the court requesting a further settlement conference, advising that he had executed releases on behalf of his clients and sent the releases to defense counsel, but had heard nothing since despite several attempts to contact Mr. Bogulski.  *See* Item 11.

• On October 15, 2014, the court conducted a telephone conference during which defense counsel reported that his client had rejected the settlement offer.  Plaintiff's then made a subsequent settlement demand.  *See* Item 14 (Minute Entry).  Following the conference, the court entered an order (Item 15) directing defense counsel to discuss with his client the subsequent settlement demand; directing commencement of written discovery; and scheduling a further status conference.

• On January 21, 2015, the court conducted the status conference by telephone during which plaintiffs' counsel reported that settlement had been reached and releases had been executed, but no check had been received. The court's minute entry reflects the parties' agreement to a 45-day continuance during which time defense counsel would contact his client and

advise the court in writing regarding the results of efforts to finalize the settlement.  *See* Item 16.

•  On March 25, 2015, a further status conference was held by telephone during which defense counsel advised the court that he had been unable to contact his client to finalize the settlement.  Item 17 (Minute Entry).

Plaintiffs now move for an order enforcing the terms of the settlement agreement, and converting the settlement into a judgment.[1]  Attached to the motion papers is a copy of a "Settlement and Release Agreement," signed by Mr. Force on behalf of plaintiffs on August 1, 2014, but not signed by Mr. Bogulski or anyone else on behalf of Washington Recovery Services or WRS.  Item 18-2.  According to plaintiffs, the representations made by defense counsel during the negotiations leading to the formation of this agreement, and during the several telephone conferences with the court, constitute an enforceable oral agreement under general principles of New York contract law,[2] as recognized in several Second Circuit decisions.  *See, e.g., Powell v. Omnicom*, 497 F.3d 124 (2d Cir. 2007) ("A settlement agreement is a contract that is interpreted according to general principles of contract law."); *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir. 1997)

---

[1]Plaintiffs' motion also sought leave to amend the complaint to name Daniel Gillick as a defendant in place of "John Doe Owner," based upon the information contained in the answer to the original complaint indicating that defense counsel was acting in this matter as "Attorney for Daniel Gillick."  Item 5, p. 3.  However, in his response to the motion for leave to amend, defense counsel stated that he represented Daniel Gillick in an unrelated criminal matter brought in this court, and that Daniel Gillick "has nothing to do with Washington Recovery Services, LLC."  Item 20, p. 2.  Accordingly, plaintiffs have withdrawn the request for leave to amend.  *See* Item 21.

[2]Defendant has raised no issue with respect to plaintiffs' reliance on New York contract law.  *Cf. Silas v. City of New York*, 536 F. Supp. 2d 353, 357-58 (S.D.N.Y. 2008) (Second Circuit and various district courts regularly apply New York law in analyzing whether a settlement agreement should be enforced, even in federal-question cases) (citing *Monaghan v. SZS 33 Associates, L.P.*, 73 F.3d 1276, 1283 (2d Cir.1996) ("We assume, without deciding, that New York law provides the rule of decision for determining the validity of the oral settlement agreement").

("Under New York law, parties are free to bind themselves orally, and the fact that they contemplate later memorializing their agreement in an executed document will not prevent them from being bound by the oral agreement.  However, if the parties intend not to be bound until the agreement is set forth in writing and signed, they will not be bound until then.").

These decisions in turn rely on *Winston v. Mediafare Ent'mt Corp.*, 777 F.2d 78 (2d Cir. 1985), in which the Second Circuit set forth the following factors to guide the court's inquiry into whether the parties intended to be bound by an oral agreement:

> (1) whether there has been express reservation of the right not to be bound in the absence of writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and, (4) whether the agreement at issue is the type of contract that is usually committed to writing.

*Id.* at 80.  No single factor is necessarily dispositive; rather, all four factors should be considered for their bearing on the parties' intent, in light of the circumstances presented and in the context of the entire case.  *See, e.g., Silas v. City of New York*, 536 F. Supp. 2d 353, 358-59 (S.D.N.Y. 2008); *Lindner v. Am. Express Corp.*, 2007 WL 1623119 at *4 (S.D.N.Y. June 6, 2007).

Considering these factors in the context of the present case, it is clear that no enforceable oral settlement agreement was reached.  First, the proposed "Settlement And Release Agreement" contains an express provision that the agreement "shall not become effective until ERC[3] receives a copy of this Agreement signed by the Plaintiffs" (Item 18-2, ¶ 9), suggesting the parties' intent not to be bound in the absence of a fully executed

---

[3]The document does not identify the entity "ERC," nor is there any identifying information evident elsewhere in the record.

-4-

writing.  Second, there has been no payment made by defendant, withdrawal of the lawsuit by plaintiffs, or other conduct indicating partial performance of the terms of the settlement agreement.  Third, the circumstances outlined above–including defendant's rejection of the proposed settlement terms, failure to execute the written agreement, and unavailability for further discussions despite more than ample opportunity–strongly suggest that defendant has not agreed to all of the terms of the alleged oral agreement.

Finally, under New York law, an oral settlement agreement is unenforceable unless made in open court.  *See Silas*, 536 F. Supp. 2d at 359 (S.D.N.Y. 2009); N.Y.C.P.L.R. ("CPLR") 2104.[4]  As explained in *Silas*, "an oral agreement reached before a judge in an informal setting and without adequate contemporaneous documentation of the fact and terms of the agreement is not ordinarily enforceable."  *Id.* (citing *In re Dolgin Eldert Corp.*, 31 N.Y.2d 1, 8-10 (1972)).  Here, there has been no agreement reached by counsel in open court under circumstances indicating compliance with "the formalities attendant upon documenting the fact of the stipulation and its terms," *Popovic v. New York City Health and Hospitals Corp.*, 180 A.D.2d 493, 493, 579 N.Y.S.2d 399, 400 (1st Dep't 1992); there is no fully subscribed writing; and the agreement has not been reduced to an order and entered on the docket.  The alleged oral agreement to settle is therefore not enforceable under CPLR 2104.

Based on this assessment, the court concludes that the circumstances of the parties' conduct during the course of informal settlement negotiations, and as reflected in

---

[4]CPLR 2104 provides:

An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.

the minutes of telephone status conferences with the court, fail to manifest "mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" of the alleged settlement agreement. *Express Indus. & Terminal Corp. v. N.Y. State Dept. of Transp.*, 93 N.Y.2d 584, 589 (1999).  Accordingly, plaintiffs' motion to enforce the settlement agreement is denied.

Pursuant to this court's preferred practice and procedure in FDCPA cases, and informal settlement attempts having failed, the court finds that this case is appropriate for immediate referral to mediation in accordance with section 2.1B of the Plan for Alternative Dispute Resolution in the Western District of New York.  The parties shall select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the court no later than July 29, 2015.  The initial mediation session shall be held no later than September 14, 2015.

A status telephone conference shall be held on September 23, 2015, at 1:15 p.m., if this matter has not settled.  A further schedule will then be set.  The court will initiate the call.

So ordered.

_____
JOHN T. CURTIN
United States District Judge

Dated:                                , 2015
p:\pending\2014\14-295.jun24.2015

-6-